May it please the Court, Matthew Freitas along with Rosie Dawn Griffin on behalf of Asian Health Services. Your Honor, this case is, may I reserve three minutes for rebuttal? Yes, I'll try to help you out, but keep your eye on the clock as well. Yes, Your Honor. This case is clearly controlled by a recent decision of this Court, Blumberger v. Tilley at the end of 2024. That case clearly decided the who-decides question about whether a deemed health center or employee has immunity under the Public Health Service Act, the federal judiciary or the Department of Justice Attorney General, and came down and said, if one thing is clear about this statutory scheme under the Public Health Service Act, as amended by the federally supported Health Centers Assistance Act, is that the Attorney General does not make unreviewable coverage decisions. The panel in that case did outstanding work unpacking that statute. And I think one of the words that's used very frequently is different. There are two different determinations at play in the statutory scheme. The Secretary's advance, meaning before the events occur, even before the year in which a claim could arise, is the Secretary's decision. The other decision is the Attorney General's litigation-specific coverage decision. And then the Court said there is no additional determination that has a bearing on removal jurisdiction. The government can make its coverage decision if it wants to or is able to within this statutory period of time. But whether it does or doesn't, and this is almost a quote, I think, from the decision, is of no legal consequence with respect to removal jurisdiction. So the only issue that's before this Court today, removal jurisdiction, clearly controlled by Blumberger v. Tilley. The no additional determination is also, I believe it's at 1133 or 1131 of the Blumberger decision, but it basically says and rejects the position the government is advancing here, citing a district court decision out of the Northern District for this additional determination that is tucked somewhere in the Blumberger decision or maybe overlooked by the Blumberger court. I don't think it was. The Blumberger court rejected expressly the Third Circuit's rejection of removal jurisdiction in a data breach case. The first page of that Doe v. Centerville decision out of the Third Circuit made it crystal clear what the conduct was in that case. The conduct was allegedly sharing information gleaned from a patient portal on a Web site and sharing it with Facebook as an unauthorized disclosure, resulting in a data breach case. This court in Blumberger said it rejected that decision that that precluded removal jurisdiction to determine the immunity issue. Now, I think it's important. Let me ask this because the district court wasn't addressing whether a data breach might fall within a category of, you know, I guess, what is the statute say with respect to the performance of medical, surgical, dental or related functions? Is that, you know, Blumberger would apply to us if on remand with the district would have to take up that threshold question first and then decide what to do with the case thereafter? Or what do you propose? On remand, the district court should take up the question of whether the related functions language of the immunity, immunized conduct in the statute covers the conduct that resulted in this case. And on that note, I'd say it's important to really look at the conduct and not the sort of a parlor trick aspect of plaintiffs and the government's argument, which is the conduct is this criminals conduct criminals. There's no criminal defendant in this case. There's no criminal actor who's a defendant in this case. The only defendant in this case is the deemed health center and its employee who is a clinician trying to share medical information with another clinician. In the course of treating patients who have nutrition and diabetic kind of issues, which is very much in the course and scope of treatment of care is what resulted in this case. That clinician did something wrong, allegedly. But you're not you're not asking us to determine for ourselves whether data privacy would fit within this category for this panel's decision. This panel's decision, I think, is very straightforward. Blumberger said the courts decide and the government and the plaintiffs are trying to leapfrog over the district court's role in that. Maybe it gets up to this court later on the on the issue down the road. And I think they would very much like you to get there right now. In light of the FRAP 28 letter that came out, I think that just illustrates the point at the outset of this argument. The who decides courts decide there are courts that have come down on different on both sides of the question of whether related functions covers the conduct that gives rise to data breach. There's there's a dispute that that really isn't your argument. That isn't really in front of us. Right. Correct. We're really talking about it seemed here and I and I'm trying to understand your argument to this point. It seems to me that this particular case. Was removed. The defendant removed it under under Blumberger's third way to get it removed. In other words, they have a way to get it removed. The DOJ appears in the state court advises the court. The D was deemed to be an employee with respect to the actions or omissions that are subject to the proceeding set. And then upon making that certification, the DOJ must remove. The second way is that the DOJ fails to appear in the state court within 15 days of being notified. Then the defendant can come himself under Bloomberg. Then the third way is that the defendant can come. Remove the case, if the DOJ was required to inform the court under 233 L1 of the defendant steam status. Such that the government was obligated to remove the case. And so it seems to me that under those 3 different ways to remove under Bloomberg. This case was removed under the third way. Because I can't find that either other way. We're here. So, to me, the defendant had to remove. If. The government was obligated to remove the case. And if the DOJ was required to inform the court under 233. L1, then they were, they removed the case. So, it seems to me that 233 L1 is the place. Where you find the power for the defendant to remove this case here. Now, tell me where I'm wrong because that's the way I read Bloomberg. I think Bloomberg. It was considering a removal under 233 L2 that I believe is the provision. Well, I don't think we're in 233 L2 here because the government didn't fail to do anything. The government was required to inform them. And the government was obligated to do something, but the defendant can remove anyway. Because the government did something they didn't do enough. Well, I think Bloomberg. I mean, that's what I think Bloomberg says, but that's why I wanted to have your response to it. Because it seems to me that that says the defendant has to do something. Right, Your Honor. I think, well, in Bloomberg, the defendant did do something. Remove the case under 233 L2 and 1442. The Bloomberg decision said the obligation to have removed this case rested on the Attorney General. Because the defendant was deemed for the period in which the events occurred. That's undisputed. And the government's representation to the court was described as misleading and inaccurate by the Ninth Circuit. Not intentionally at the time, but in retrospect, an inaccurate and misleading representation. The appearances in this case are substantively identical to the government's appearances in the Bloomberg litigation. In this case, the government came in and said, HHS has not yet told us what it's – and then it's unclear what decision they're referring to. But HHS is – Well, but they said – they didn't only say they haven't yet told us. They said HHS is a deemed employee, but we don't know whether we're going to cover this or not. It's the normal coverage issue kind of question which I face in my practice every day. I mean, the insurance companies come in and they say, well, yeah, you have an insurance policy, and that insurance policy would be applicable to you. But we're not sure we're going to cover you because we're not sure the actions that you took therein would be covered by that insurance. And that's what the government did to hear. They said HHS – or excuse me, AHS is a deemed employee based on what they said. At present, HHS has been deemed to be an employee of the PHS. So – but we don't know exactly whether we're going to cover you or not. Right, Your Honor, and that – under Bloomberg, that's a coverage assessment. They are – I understand that, but that isn't a deemed assessment. They're deemed. Correct. And that's why, at that point, having received that, I don't understand why the defendant shouldn't remove then because they haven't done all they needed to do. They could remove. Well, they did remove, Your Honor. Well, I understand whether they removed timely or not. That's the question. Well, there's no time limit on an L2 removal. But there is a time limit on an L1. No, there's not, Your Honor. Well – There's a time limit on the governments having to act. Well – And if they don't, that gives rise to the right to remove. But if the government came in and removed under 233L1 or 233C, at any point, it's removable. The government has the option – But – okay. Under 1446B, there's a 30-day deadline. How does that focus into what you're telling me? So that deadline applies only to the 1442 removal. Well – And that's untimely because it was removed outside the 30-day. But can I get back to 233 for a moment? Sure. Because I thought I sort of understood where the argument was going, and then I want to make sure that I didn't get confused by your responses to Judge Smith's questions there. Is your argument that the government deemed that the entities covered under 233 but failed to, within that 15-day window, advise the court that it was covered, and so, therefore, removal was proper? Because that basically gives, under Bloomberger's decision, gives AHS the authority to remove at that point. Is that the gist of it? That's what I – she's asked the question. I thought that was where you were going, but in response to Judge Smith's questions, it veered in a different direction. I'm not sure what that direction really is. So can you briefly give me your argument again? As to – yes, Your Honor. My argument is that the government's appearance here did not satisfy its obligation under 233-L1. It was obligated to report – Because they didn't say whether it was covered. No. No, Your Honor. Oh, okay. Why? That's different than what I thought. There are two determinations. Their obligation under 233-L1 is to come in and report the ex ante deeming decision of the Secretary, which is, do you have an occurrence-based policy? That's all that is. Do you have a policy for the period in which the events occurred? And then you get into federal court for the dispute as to whether it's covered. That's the whole point about who decides. Do you have a policy that covers the events that gave rise to the case? If so, the court decides, not the United States government, because they have an obvious self-interest in the outcome. It was untenable. And that's what Blumberger said. If there's one thing that's clear, the attorney general doesn't get to decide if the government is substituted in as the defendant. So my point is – and Blumberger didn't – all the parties asked the district court to stay the case and to wait for Blumberger. So at the time, 233-L1 had not been clarified. 233-L2 had not been clarified. All right. I think I get it. I think that – because you wanted to save time. I think – Yes, I was just trying to answer – You want to rely on Blumberger. I think your reading of it is a little different than my reading of it, but I'm not sure it makes any difference in the end. But I want to make sure that you have the opportunity to save your time. It's running down to less than a minute, but I'll put two minutes on the clock. All right. There's some time sharing here, so I understand that DOJ is going to take seven and a half minutes. And Mr. Pulver, seven and a half minutes. Is that right? Yes. Good morning, Your Honors. Adam Pulver for Plaintiff. Just jumping right into what Blumberger actually says. There are two separate issues at stake here, whether something is covered by 233-A and whether the government is covering it. And Blumberger is crystal clear. It says – and this is on page 1130 of this decision – Section 233-L1 confirms that the attorney general must notify the state court, first, whether the defendant was deemed during the relevant time period, and, two, whether the complaint arises out of the performance of services listed in 233-A. What Blumberger says is there's a third thing that the attorney general should not wait on, which is whether there's an ultimate coverage decision in that case, which was tied to scope of employment. But the 233-A question is part of the 233-L1 inquiry. Coverage is not. And so I agree that coverage – I agree with my friend on the other side, but this is not about a coverage decision that HHS has to make or DOJ. But this question of whether 233-A applies at all is necessary for there to be any federal court jurisdiction at all. And so those two things are necessary to get into this world at all. And I think it's important to realize that Blumberger only actually says that where there's a violation of the duty to remove, there's this remedy. And the remedy – it's not clear is it a removal remedy or – I think the court refers to it as a federal court – where Judge Smith referred to it as the third way, what actually – what the nature of that third way is. But you first have to find there was a violation of the obligation to remove under 233-L1. And here there was no such violation because correctly – and that's what distinguishes this case from Blumberger – everything in the letter that DOJ submitted was correct. In Blumberger, their argument is they are wrong. They have already determined the deeming determination, and they're just wrong as a matter of fact and law, and DOJ was wrong as to what it had to decide. Here the letter says we haven't decided this is a 233-A case yet, and that is something DOJ is supposed to decide under the statute. In fact, that's exactly what the statute says and what Blumberger says that DOJ is required to do, advise the court whether it has determined whether this is a 233-A case. And what did DOJ do here? It said we have not yet determined. As a matter of plain text, that's answering the question whether you have determined something is a 233-A case. Let me see if I understand this, but if something is a 233-A case, is that a deeming decision or a coverage decision? Neither. It's this third category. What Blumberger says is 233-A decision, you look at the complaint and you look to see whether what is alleged in the complaint falls within the scope of 233-A. And under Friedenberg, this Court's decision applying 233-A, that determination is based on the – I want to make sure I get the exact wording correct – the alleged wrongful conduct. So that's why in Blumberger the Court says there are only two things that matter for the Attorney General to decide. You look at the complaint. If there's a deeming letter, in effect, you look at a deeming letter and you look at the complaint. And you say on the face of the complaint, are these allegations within the scope of 233-A? And that is what we say is correctly – and the Department of Justice has later determined and advised the court and the Eighth Circuit again agreed this morning that these allegations are not within the scope of 233-A. But this is not something that the district court reached. So when I read Blumberger, it seemed a given that the deeming determination for the coverage was medical because it was a medical malpractice issue. And here you have something a little bit adjacent perhaps of data privacy breach and whether – we know that AHS was deemed an employee, but whether it's deemed for purposes of these medical functions is not something that the district court has addressed one way or the other. So wouldn't we have to send it back to have the district court make that threshold determination? Why would we be making it – I don't know if you're asking us to make that determination first. We don't think you have to because this was an adequate alternative ground for affirmance. It was fully briefed by the parties below. AHS chose not to respond to the briefing on the merits even though it has in other cases before this court addressed the merits that are behind this case. This case has been delayed. This case was filed in 2023. The appeal was in 2024. To just send it back I think will just be back here in three years, and that's kind of prejudicial to the administration of justice. I'm not actually sure about that because the only reason why we have jurisdiction right now is because of federal officer removal. If the court decides that this is not a coverage and remands, I don't think we would have jurisdiction at that point. Well, I think – I'm not sure if that's been briefed but – or decided exactly. But if the court – under 233C, what the court would have to do in that case is remand the case to state court. So under the Supreme Court's decision in BP, any remand order in a case that was removed pursuant to 1442, a remand order is appealable. So the 233C remand order would likely be appealable. Well, I guess you're right. We don't need to get into that. But in any event, I'm not hearing you argue that you would ask our panel to decide this issue of whether data privacy breach falls within the sort of medical function. We are arguing that the court should because it's a question of law that's been fully briefed. It's pending. There are multiple cases in the circuit. It's coming up over and over again. And then that should be addressed because I think there needs to be some guidance for the lower court into what to do and how to analyze the 233A question at the very least. Why don't you address the question about was the district court – did they erroneously determine that the removal was untimely? Right. Because that's the big question. If we could get it, we'd talk about that now. But now, was it untimely? So, first of all, AHS did not respond to the untimeliness argument at all in the district court. The cases they cite saying that somehow because the court agreed with plaintiff, now they can oppose for the first time, that's classic forfeiture. But secondly, it's very clear in the document that was filed in the state court 40 days before removal that the federal government said you are – we agree, you are deemed PHS employee. And under their theory of federal officer removal, that is all that you need to – that's the only relevant fact that they say allowed them to remove under the federal officer removal statute. And that's under 1442A1, right? Yes. So, that would be – yes. That would be sufficient to find that the whole removal was untimely. But the fact that they didn't talk about it really doesn't matter. I mean you could argue forfeiture, but the district court addressed the argument about timeliness and remanded on that basis. So, I can't think that it isn't – that it's forfeited. The district court talked about it and made a decision about it. The district court did talk about it, but they are saying the district court applied the wrong statutory provision. I understand what they say now. Right. But the fact is they talked about it and made a decision nonetheless. And we think ultimately, Your Honor, it's irrelevant because 40 days is clearly 10 days too late. And unless the court has further questions, I'll let that colleague from the government. Thank you. Any additional questions? Thank you. Let's hear from the government. Thank you. Good morning. May it please the court. Kevin Soder from the Department of Justice for the government. I appreciate that this is a complicated statute to say the least. I don't think this case has to be particularly complicated for this court if the court charts a path through it that will result in an efficient resolution of this case, as well as potentially control some of the numerous other cases that are already in this court on the same issues. So I heard some questions, I think, from Judge Sanchez about remanding to the district court to reassess all of this with the benefit of Blumberger. I don't think that's actually necessary here. You have several district courts in this circuit who have addressed identical cases and have held that they need to be remanded to state court. Two of those decisions, the ones by Judge Chabry and the Johnson and Gerson cases that we discussed in our brief, are on appeal to this court right now. You'll see you have briefs from the same lawyers addressing the same issues, explaining why Judge Chabry was correct to remand that case. I think you certainly could wait and address the issues there, but that would just be protracting both this litigation and that litigation in a way that's unnecessary. And I'm happy to talk through the details of what he said. I would say that the district court was right that this was untimely. Case is over, isn't it? So I think untimeliness only really goes to the 1442 removal piece of it. I understand what it goes to, but at that point, if it's untimely, then there's a reason to remand anyway. I think the district court made a bad decision about the attorney's fees and why to give the attorney's fees because they hit the wrong issue. But untimeliness, you could do the same thing. So I do think that it is very likely, based on how these cases are playing out, that we will be back here in, as my colleague said, three years if you remand to the district court without deciding any of the issues that have been briefed by the parties here about the impact of Blumberger. I think it is, at a minimum, important to correct the blatant misunderstanding of Blumberger that is pervasive. Let me get right to that because I want you, as DOJ's lawyer, to help me sort of unpack the import of Blumberger because I don't think it really helps your case. The way that the panel, the majority on that panel, explains how the statutory scheme works is that there is this 15-day window for the Department of Justice, the Attorney General, to really come in and notify the court as to whether it's deemed to be covered under 233. And what the panel said is that an affirmative scope of employment certification under subsection C obligates the AG to remove the case to federal court. Here, the AG did say that it deemed under 233, within the scope of 233, that's about the extent of it as I understand it, but it didn't say whether there is a scope of employment certification within that 15-day window. So as I read this discussion of how the statutory scheme is laid out in Blumberger, there is that 15-day window during which you have to tell the court whether you can make that decision. And that decision, if it's affirmative, would then obligate the AG to remove the case. And then it goes on to say if the AG doesn't do that, then the defendant may do the removal. So what am I getting wrong about the scheme as laid out in the majority panel? Two things. One is the statute, the court focused only on the government's own removal obligations, so I'd like to set aside that second question of whether a defendant can remove, but on when the government has to provide substantive positive advice to the state court and remove the case itself. The court's analysis at pages 1129 to 1131 is extraordinarily clear that the language in L1 that says acts or omissions that are the subject of the suit refers to whether the lawsuit arises from one of the categories of conduct for which the defendant is covered. And it goes on to make clear that what it means by that is whether the lawsuit arises in the case of a part or full-time employee from one of the types of conduct described in Section 233A. And this is a case in which the Attorney General has concluded and has made clear that the case does not arise from one of those categories of conduct. The Fourth Circuit and this morning the Eighth Circuit have agreed with that interpretation of the statute. The court doesn't need to say necessarily that that's... But can I just, so the AG, you're saying the AG is saying that now in your briefing, but it didn't say that to the trial, to the district court. It said it to the district court shortly after this case was removed. I think as Blumberger recognized and as Judge Chabria explained quite well, it's quite reasonable and understandable that when the government had this other understanding of the additional scope of employment analysis that was supposed to be done before the 15 days, it did something else in this case. But that doesn't make this case either properly removed by the defendant or one that the government was supposed to remove itself because, unlike Blumberger, this is not a medical malpractice case. Blumberger was a classic medical malpractice case. It nonetheless devoted these pages of analysis to making clear it was rejecting the defendant's argument that deemed status alone is what compels the Attorney General to remove. It says again and again and again that the thing that compels the Attorney General to remove under this understanding of the statute is if the Attorney General concludes that the case falls within one of these covered categories. But it has to do it within that 15-day window. And, of course, no one had the benefit of Blumberger. So you're sort of wanting us to just bootstrap the fact that it's made later on as if it had been made in the 15-day window. I think that's why there are two things, two options you could do, both of which were laid out in our brief and neither of which was responded to persuasively. What I had thought would be the most straightforward thing that the court doesn't seem to be talking about this morning is say, okay, in this situation where the government didn't comply understandably with the subsequent decision in Blumberger, have the court decide for itself what the government should have said, which means have the court decide for itself whether the Fourth and Eighth Circuits got it right that these data breach claims fall outside the statute. That was fully briefed in the district court. It started with the notice of removal that was briefed. It was briefed in this court. And I don't think that the court's authority to resolve a case on alternate grounds can be evaded by just refusing to address that issue in the reply brief, which is what you have here. So that's, I think, a straightforward way through. If the court doesn't want to definitively resolve that issue that's pending in all of these other cases that will come up to this court, I think the court could still say this remand order is affirmed. This case needs to go back to the state court for exactly the reasons stated by Judge Chavrier, which is the statute only allows a defendant to remove if the attorney general fails to appear. The attorney general's appearance here, while deficient under this court's subsequent decision in Blumberger, was reasonable at the time, and it would be unfair to the government to treat that as a non-appearance under the statute. And so I think following that approach, saying this case goes back to state court, not just back to the federal district court, would progress this litigation and avoid having another appeal about a threshold issue of what forum that is in turn a threshold issue to another question of whether there is immunity from suit for this defendant before the case can ever even get to the merits. What about a third option of remanding to the district court to reconsider in light of the guidance provided by Blumberger? Because one of the options discussed in Blumberger is that if there's a motion to remand, the court may hold a hearing as to whether the deemed employee was acting within the scope of employment. So it's changed because the scope of what the government may say now within that 15-day window may be very different in light of Blumberger. So why not just have the district court hold a hearing and let's have the district court make a determination the AG can make its best scope of employment arguments at that point? So first of all, these are not scope of employment arguments. These are scope of 233A arguments. You could think of them as the scope of what the deeming covers. Second of all, I think at a bare minimum what the court should do is not endorse the argument that this case is one that was either properly removed to federal court in the first place or one that the government was supposed to have removed itself. So the hearing under 233C that's contemplated is for a case that was properly removed. I suppose the court could find some way of saying, you know, assuming without deciding that the case was properly removed, here's why it should be remanded, and that would be the data breaches aren't within 233A. But the thing the court definitely shouldn't say is to endorse the misreading of Blumberger that says that 233A isn't even part of what the attorney general is supposed to consider in the first place. Thank you. Thank you. Thank you very much. Your Honor, I recall government counsel saying it was very clear that mere appearance precluded judicial review in the argument in the Blumberger case. And Judge Bybee quickly responded, that's anything but clear. And then concluded with in the decision, one clear thing is the government doesn't get to make unreviewable coverage decisions. And what you're hearing here today is basically smuggling in the very position that they advanced in the Blumberger case, which is to make a decision about what this immunity covers in advance of the claim for coverage or the litigation of the dispute. And have that preclude removal jurisdiction and review by the court. So this is exactly what the Blumberger decision referred to on page 1132 as an additional deeming decision by the secretary, one that occurs after the litigation has commenced and applies with respect to the actions or omissions giving rise to the suit. That's what they're asking this court to do is to find another decision within the statutory scheme that doesn't exist in order to preclude review of their cover decision, which courts have reached different conclusions on. All right, thank you very much to all counsel for your helpful arguments this morning. That concludes the argument in this case, the matter submitted, and we are adjourned. Thank you.
judges: SMITH, NGUYEN, SANCHEZ